UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOUIS H. THOMAS                                          CIVIL ACTION

VERSUS

LIBERTY MUTUAL INSURANCE                    NO.: 15-00434-BAJ-SCR
COMPANY

## RULING AND ORDER

Before the Court is a **Motion to Dismiss (Doc. 8)** filed by Defendant Liberty

Mutual Insurance Company ("Defendant"). Defendant asserts, *inter alia*,[1] that

Plaintiff Louis H. Thomas's ("Plaintiff") Amended Petition (Doc. 1-1 at pp. 8—9)

should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure. Defendant's motion is unopposed. Jurisdiction is

proper pursuant to 28 U.S.C. § 1332. Oral argument is not necessary. For reasons

explained herein, Defendant's motion is **GRANTED**.

## I.     BACKGROUND

Plaintiff asserts that on May 24, 2014, he was involved in an accident on a

piece of property owned by Defendant's insured, Walter Hurst ("Hurst"). (*See* Doc. 1-

1 at p. 1). Plaintiff further asserts that under Hurst's homeowners insurance policy,

Defendant is liable for the resultant medical expenses that Plaintiff has incurred.

(*Id*. at pp. 1—2, 8—9); (*See* Doc. 1-3 at p. 1).

---

[1] Defendant also asserts that Plaintiff's Amended Petition should be dismissed because the named
Defendant, "Liberty Mutual Insurance Company," is actually "LM Insurance Corporation." (*See* Doc.
8-2 at p. 3). In light of the Court's ruling, this argument is now moot.

Defendant has not only refused to pay Plaintiff's medical expenses, but has also refused to make what Plaintiff considers to be a "reasonable offer" to settle this dispute. (*See* Doc 1-1 at p. 9). Such intransigence, Plaintiff asserts, violates "Louisiana's Unfair Claims Practices [A]ct," *codified at* LA. STAT. ANN. § 22:1973. (*Id.*).

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*Twombly*, 550 U.S. at 556).

Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and

2

view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

The Supreme Court has noted that Rule 12(b)(6) requires dismissal whenever a claim is based on an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory, or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quotation marks and citations omitted). However, "[f]ederal pleading rules . . . do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, ___, 135 S. Ct. 346, 346 (2014) (per curiam).

### III. DISCUSSION

Under Louisiana's Direct Action Statute, an injured tort victim may only file suit against an insurer without joining the insured if: (1) the insured has been adjudged bankrupt by a court of competent jurisdiction or proceedings to adjudge the insured bankrupt have been commenced before a court of competent jurisdiction; (2) the insured is insolvent; (3) service of citation or other process cannot be made on the insured; (4) the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons; (5) the insurer is an uninsured motorist carrier; or (6) the insured is

3

deceased. *See* LA. STAT. ANN. § 22:1269(B)(1)(a)—(f); *see also Perkins v. Carter*, 09-673, p. 5 (La. App. 5 Cir. 12/29/09); 30 So.3d 862, 866.

Plaintiff has (1) filed suit against an insurer (Defendant) without joining the insured (Hurst) and (2) failed to invoke any of the aforementioned scenarios.

### IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Doc. 8)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's **Amended Petition (Doc. 1-1 at pp. 8–9)** is **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this ___19th___ day of October, 2015.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**